UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA JAMES DAVIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00103-JMS-MG |
| ) | |
| FRANK VANIHEL Warden, ) | |
| ) | |
| Defendant. ) | |

**Order Directing Defendants to Respond to Motion for Reconsideration**

Plaintiff Joshua Davies, an inmate at Wabash Valley Correctional Facility, filed this civil rights action under 42 U.S.C. § 1983 alleging that defendant Officer Benefiel retaliated against him, and Warden Vanihel retaliated against him and violated his right to equal protection.

The defendants moved for summary judgment for failure to exhaust administrative remedies. On April 19, 2022, the Court granted the motion as to the retaliation claim against Officer Benefiel and denied it as to the claims against Warden Vanihel. Dkt. 46. The Court found that retaliation was a grievable issue, and there was no dispute that Mr. Davies did not file a grievance about Officer Benefiel's retaliatory actions during a disciplinary hearing. *Id.* at 6. Mr. Davies had argued that Officer Benefiel's acts were not grievable through the offender grievance process because they concerned a disciplinary hearing, and he had properly grieved his acts through the disciplinary appeals process. But Mr. Davies had not submitted any exhibits showing he had completed the disciplinary appeal process.[1] *Id.*

On August 2, 2022, the Seventh Circuit issued a published opinion in *Miles v. Anton*, --- F. 4th. ---, no. 21-2796, 2022 WL 3040893 (7th Cir. 2022), that appears to support Mr. Davies'

---

[1] In their reply, the defendants did not seek summary judgment on the basis that Mr. Davies had failed to prove that he grieved Officer Benefiel's acts through the disciplinary appeals process. Rather, they argued that he was required to use the grievance process. Dkt. 40 at 2.

position. There, an Indiana inmate had been fired from his prison job for what he alleged was retaliation. The district court granted the defendant's motion for summary judgment because "actions of individual staff" were listed as grievable issues in the Indiana Department of Correction's Offender Grievance Policy. *Id.* at *2. But, as the court pointed out, the policy also provided specific actions that were not appropriate for the grievance process, including classification actions such as the loss of a job. *Id.* The court held that—because of the part of the policy that exempted firing decisions from the grievance policy—the plaintiff was not required to use the grievance process. *Id.* at *3.

The defendants have through **September 2, 2022**, to file a response and show cause why the Court should not grant Mr. Davies' motion to reconsider and reinstate his claims against Officer Benefiel in light of *Miles*. The defendants did not previously dispute Mr. Davies' assertion that he completed the disciplinary appeals process to satisfy the exhaustion requirement. If they do dispute this, they must file the disciplinary appeals records with their response. Mr. Davies shall have **ten days** from the defendants' filing to file a reply.

Mr. Davies' motion for leave to file an amended complaint, dkt. [56], is **granted**. **The clerk is directed** to docket pages 3−26 of the exhibit at docket [56-1] as the amended complaint, and pages 27−84 as an exhibit in support of the amended complaint. The Court will not screen the amended complaint until the exhaustion issue has been resolved.

IT IS SO ORDERED.

Date: 8/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA JAMES DAVIES
998790
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com